UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MIKHAIL GORDON, | ) |
| Plaintiff, | ) |
| v. | ) No.: 20-cv-2223-JBM |
| PETER VERCELLINO, SR., et al., | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, pursues a § 1983 claim alleging violations of due process, the excessive use of force, and failure to protect at the Macon County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff names nine individual Defendant officers as well as the Decatur Police Department. Plaintiff alleges that, on November 20, 2018, he was arrested and handcuffed. He pleads, without preamble, that officers violated his constitutional rights by "letting an adult kick him in the face while handcuffed." Plaintiff also alleges that Defendants allowed a police canine to attack and bite him after he had surrendered. Plaintiff requests compensatory and punitive

1

damages. In his complaint, however, Plaintiff reveals that at the time he filed the complaint, the grievance procedure had not yet been concluded.

As a detainee in custody, Plaintiff is subject to the provisions of the Prisoner Litigation Reform Act which require that a prisoner exhaust all available administrative remedies prior to filing suit. 42 U.S.C.§ 1997(e)(a). The Seventh Circuit Court of Appeals has followed a very strict approach regarding exhaustion and requires that an inmate pursue all available administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). A prisoner may not file suit before exhausting his administrative remedies, as the exhaustion requirement is "designed to alert prison officials to perceived problems and to enable them to take corrective action without first incurring the hassle and expense of litigation. Permitting a prisoner to sue first and then ask the prison to address issues that are now the subject of pending litigation defeats the purpose of the PLRA's exhaustion requirement." *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (internal citations omitted). *See Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999) (a case must be dismissed for failure to exhaust, even if the prisoner exhausts his remedies while the case is pending).

Generally, "exhaustion is an affirmative defense that ordinarily should be raised—and must be proven—by the defendant." *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted). A district court may dismiss at screening for failure to exhaust only if the failure to exhaust, "is so plain from the face of the complaint that the suit can be regarded as frivolous. But the defense must be unmistakable…" *Id.* at 443. (internal citations omitted).

Plaintiff admits in the complaint that he did not complete the grievance process prior to filing. It is, therefore, clear that Plaintiff failed to exhaust his administrative remedies and his

complaint must be dismissed. 42 U.S.C.§ 1997(e)(a); *Pozo*, 286 F.3d 1025.

**IT IS THEREFORE ORDERED:**

  1)  Plaintiff's complaint is dismissed without prejudice, for failure to exhaust administrative remedies prior to filing suit.

  2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

  3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

 

 3/8/2021               s/Joe Billy McDade
ENTERED                JOE BILLY McDADE
                   UNITED STATES DISTRICT JUDGE